# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ASUA BUIE,<br><br>       Plaintiff,<br><br>v.<br><br>MICHEAL HAFEMAN, CO MICKINZIE, CAPTAIN BACAN, CO GRASHAN, SGT GONZALEZ, and JOHN DOES,<br><br>       Defendants. | Case No. 18-CV-1824-JPS<br><br><br>**ORDER** |

  Plaintiff, a prisoner proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. (Docket #1). This matter comes before the Court on Plaintiff's petition to proceed without prepayment of the filing fee, or *in forma pauperis*. (Docket #2). Plaintiff has been assessed and has paid an initial partial filing fee of $18.00. *See* 28 U.S.C. § 1915(b).

  The Court must screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

  A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*,

490 U.S. 319, 325 (1989); *Gladney v. Pendelton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327; *Gladney*, 302 F.3d at 774. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (citations omitted); *accord Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted); *Christopher*, 384 F.3d at 881.

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the Court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff alleges that on October 23, 2018 at 3:00 p.m. in dorm L-6 of the Milwaukee County House of Correction, officers entered the dorm and announced that the dorm and the inmates therein would be searched. (Docket #1 at 2). Sergeant Gonzalez ("Gonzalez") said the inmate search would be "very uncomfortable," but that the officers would do it properly in accordance with how they had been trained. *Id.* Plaintiff was instructed to go into the hall, where he saw the officers who would perform the searches. He stood second in line, aligned with the second officer. *Id.* at 3. Plaintiff does not know the officer's name, so we will call him John Doe. This officer instructed Plaintiff to face the wall and spread his legs. *Id.* The officer then performed a body search, running his hands all along Plaintiff's

body. *Id.* When the officer's hands came near Plaintiff's genitals, the officer "turn[ed] his left hand flat palm upward [and] cupped and massaged my entire scrotum and penis." *Id.* Plaintiff felt violated by this conduct.

Plaintiff informed CO Grashan ("Grashan") about what happened and asked to call to make a complaint under the Prison Rape Elimination Act ("PREA"). *Id.* at 4. Grashan responded that PREA complaints can only be lodged against other inmates, not staff. *Id.* Grashan told Plaintiff that if he felt he had been violated, he should file a grievance. *Id.* Plaintiff did just that. *Id.* Two other inmates also complained to Grashan about being sexually assaulted, describing the same offending officer. *Id.*

The next day, Plaintiff asked a different officer, CO Brushells ("Brushells"), whether he could file a PREA complaint against a staff member, and Brushells told Plaintiff he could. *Id.* Also that day, Plaintiff was seen by a mental health provider named Melissa who also confirmed that Plaintiff could file a PREA complaint against a staff member. *Id.* at 5. Plaintiff then spoke to another officer, CO Troutman ("Troutman"), who gave Plaintiff a complaint form to fill out. *Id.* Plaintiff filed a complaint, and appealed it when it was denied. *Id.* at 5–6.

Sometime after Plaintiff filed his complaint, Troutman called Plaintiff to his desk to inform Plaintiff that Captain Bacan ("Bacan") had said "[Plaintiff] told everyone [he] needed to tell and if [Bacan] [hears] of it again, he will put [Plaintiff] in seg." *Id.* at 5.

Plaintiff's allegations are sufficient to state an Eighth Amendment claim against the John Doe officer who allegedly groped Plaintiff's genitals during a search. The Eighth Amendment prohibition on cruel and unusual punishment bars prison authorities from unnecessarily and wantonly inflicting pain on inmates. *See Hope v. Pelzer,* 536 U.S. 730, 737 (2002);

*Whitman v. Nesic*, 368 F.3d 931, 934 (7th Cir. 2004). In the context of searches of prisoners, only searches that are maliciously motivated, unrelated to institutional security, and lack a legitimate penological justification violate the Eighth Amendment. *Id.* The infliction of pain on prisoners without any legitimate penological justification "always violates contemporary standards of decency and need not produce serious injury in order to violate the Eighth Amendment." *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir.2003) (citing *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)). Therefore, "infliction of pain that is totally without penological justification is per se malicious." *Fillmore v. Page*, 358 F.3d 496, 504 (7th Cir. 2004) (internal quotation marks omitted). To prove his claim against John Doe, Plaintiff will ultimately have to show that the search in question was not a legitimate, penologically justified, search, but was instead "a search conducted in a harassing manner intended to humiliate and inflict psychological pain." *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003).

Plaintiff's allegations meet the low bar at screening to state an Eighth Amendment claim against John Doe under this standard. Massaging an inmate's penis and scrotum is not part of the standard pat-down procedure. *See* Wis. Admin. Code § DOC 306.17(1). Whether Plaintiff can actually prove that the John Doe officer touched him in the way he alleges, and that the officer did so for the purpose of humiliating and inflicting emotional pain on Plaintiff, are factual matters to be resolved in a later stage of the case.

Plaintiff will also be permitted to proceed against Bacan on a claim of retaliation in violation of his First Amendment right to use the prison grievance system. To prevail on this claim, Plaintiff must ultimately show that "(1) he engaged in activity protected by the First Amendment; (2) he

suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was 'at least a motivating factor' in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012). The filing of a complaint, grievance, or lawsuit by a prisoner is activity protected under the First Amendment. *Id*. Plaintiff has alleged that Bacan threatened to put Plaintiff in segregation if he continued to pursue the grievance that Plaintiff had filed related to the alleged sexual assault. These allegations are sufficient to survive screening.

Plaintiff will not be permitted to proceed against the other defendants named in his complaint, Micheal Hafeman ("Hafeman"), CO Mickinzie ("Mickinzie"), Grashan, and Gonzalez. As to Hafeman, he is not mentioned in the complaint other than in the caption. As to Mickinzie, Grashan, and Gonzalez, Plaintiff does not allege that they were personally involved in the either of the alleged constitutional violations. *See Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation."). They will be dismissed.

Thus, for the reasons stated above, Plaintiff shall be permitted to proceed against officer John Doe on a claim of Eighth Amendment cruel and unusual punishment and against Bacan on a claim of First Amendment retaliation. 28 U.S.C. § 1915A(b).

Plaintiff is advised that in the Court's scheduling order, which will be issued after Bacan is served, Plaintiff will be afforded a period of time in which to conduct discovery into the identity of the John Doe defendant. He should seek this information from Bacan. Failure to amend the complaint to identify the John Doe defendant by the deadline set forth in the

scheduling order may result in dismissal of Plaintiff's claim against that defendant.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed without prepaying the filing fee (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that defendants Micheal Hafeman, CO Mickinzie, CO Grashan, and Sgt. Gonzalez be and the same are hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between Milwaukee County and this Court, a copy of the complaint and this Order have been electronically transmitted to Milwaukee County for service on Defendant Captain Bacan;

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement, Defendant Captain Bacan shall file a responsive pleading to the complaint within sixty (60) days of receiving electronic notice of this Order;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $332.00 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 9th day of October, 2019.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Columbia Correctional Institution, Dodge Correctional Institution, Green Bay Correctional Institution, Oshkosh Correctional Institution, Waupun Correctional Institution, and Wisconsin Secure Program Facility.